SHEDD, Circuit Judge,
concurring:
I concur in the majority’s decision to affirm the denial of Deputy Rephann’s summary judgment motion and his subsequent “Rule 52(b)” motion. I write separately to explain my rationale.
Throughout this litigation, the parties have pled and argued this case as one involving a Fourth Amendment excessive force claim. Even after the district court noted the potential applicability of the Fourteenth Amendment in its summary judgment order, and after we requested supplemental briefing and specifically cited circuit precedent that indicates the applicability of the Fourteenth Amendment, see Riley v. Dorton, 115 F.3d 1159, 1164 (4th Cir.1997) (en banc) (holding that “the Fourth Amendment does not embrace a theory of ‘continuing seizure’ and does not extend to the alleged mistreatment of ar-restees or pretrial detainees in custody”), the parties continued to maintain that the Fourth Amendment applies. However, as the majority correctly holds, this is unquestionably a Fourteenth Amendment case because at the time Deputy Rephann used his taser on Ms. Orem, she had been placed under arrest; consequently, the act of seizing her was complete, see Scott v. Harris, — U.S. -, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007) (a “ ‘Fourth Amendment seizure [occurs] ... when there is a governmental termination of freedom of movement through means intentionally applied’”) (quoting Brower v. Cty. of Inyo, 489 U.S. 593, 596-97, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989)), and the Fourth Amendment was no longer applicable, see Robles v. Prince George’s Cty., Md., 302 F.3d 262, 268 (4th Cir.2002) (“Once the single act of detaining an individual has been accomplished, the [Fourth] Amendment ceases to apply.”). Despite the parties’ refusal to recognize this rather obvious conclusion, we are not bound by their erroneous characterization of the law, see Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) (“When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.”), and we may affirm on any ground appearing in the record, including theories not relied upon by the district court, Scott v. United States, 328 F.3d 132, 137 (4th Cir.2003).
Therefore, proceeding to review the district court’s order denying Deputy Re-phann’s summary judgment motion under the Fourteenth Amendment, we must first *450 consider whether Ms. Orem has met her burden of presenting sufficient evidence in the record to establish a Fourteenth Amendment violation. See Henry v. Purnell, 501 F.3d 374, 377-78 (4th Cir.2007) (explaining the parties’ respective burdens in a qualified immunity analysis). In order to succeed on a Fourteenth Amendment excessive force claim, Ms. Orem must show that Deputy Rephann “ ‘inflicted unnecessary and wanton pain and suffering.’ The proper inquiry is whether the force applied was ‘in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.’ ” Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir.1998) (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).
As the majority explains, the record establishes that Ms. Orem’s reprehensible conduct while riding in Deputy Boyles’ patrol car warranted some use of force to restrain her. Ms. Orem does not contest this fact and, in light of the videotape of this incident, we would not be required to accept her version even if she did so. See Harris, 127 S.Ct. at 1776 (holding on summary judgment that when the non-moving party’s version of events is “so utterly discredited by [a videotape] that no reasonable jury could have believed him,” then the court should not rely on “such visible fiction” but instead should view the facts “in the light depicted by the videotape”). Generally, we have recognized in the Fourteenth Amendment context that law enforcement officers must be accorded “due deference” when it comes to their attempts to restrain disorderly detainees by force. See, e.g., Grayson v. Peed, 195 F.3d 692, 696-97 (4th Cir.1999). Notwithstanding this general principle, I believe that a sufficient jury question exists in this record and based on the arguments presented concerning whether Deputy Re-phann used his taser in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. I base my conclusion on the following facts: (1) Ms. Orem, while unruly, was mostly restrained in the back of the patrol car; (2) Deputy Re-phann used the taser immediately in response to Ms. Orem’s use of profanity toward him; (3) Deputy Rephann’s taser twice made contact with Ms. Orem, and both times the contact was in a sensitive body area (ie., just below her breast and on her thigh); and (4) Deputy Rephann told Ms. Orem that she needed to “respect” the officers immediately after he used his taser.
In addition to the foregoing, Ms. Orem must also show that her injury resulting from Deputy Rephann’s infliction of force is more than de minimis, or that the force used is “ ‘of a sort repugnant to the conscience of mankind ... or the pain itself [is] such that it can properly be said to constitute more than de minimis injury.’ ” Carr v. Deeds, 453 F.3d 593, 605-06 (4th Cir.2006) (quoting Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir.1994) (en banc)). In my view, the district court correctly concluded that Ms. Orem met her summary judgment burden based on this record.[1] Specifically, she has testified that Deputy Rephann’s use of the taser left a scar on her thigh. Moreover, the pain associated with being shocked twice by a taser in sensitive body areas (as she was) seems to me to fall within the level that we have recognized constitutes more than de minimis injury regardless of whether Ms. Orem has any enduring injury.
*451 Because Ms. Orem has presented sufficient evidence to create a jury question as to whether Deputy Rephann violated her constitutional right, the burden shifts to him to establish his entitlement to qualified immunity. See Henry, 501 F.3d at 378. In this regard, he must establish that it would not have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Id. at 377. I agree with the majority that Deputy Rephann has failed to meet his burden.
In short, for the foregoing reasons, I agree with the majority that the district court’s order denying Deputy Rephann’s summary judgment motion should be affirmed. Not every use of a taser will give rise to a constitutional violation, and Deputy Rephann may very well be able at trial to convince a jury that his conduct in this instance was lawful, but he is not entitled to summary judgment on this record.[2]

. Although the district court analyzed this case under the Fourth Amendment, it con-eluded that Ms. Orem’s injuries are more than de minimis.

. After the district court orally denied Deputy Rephann's summary judgment motion, he unsuccessfully moved under Fed.R.Civ.P. 52(b) for the district court to make additional findings and change its ruling, and he apparently submitted for the first time several affidavits (including his own) with that motion. Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding; however, a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend. See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir.1997). We review for abuse of discretion a district court's decision on a Rule 59(e) motion. Pacific Ins. Co. v. American Nat’l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir.1998). "Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have ... recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.” Id. at 403. I find that Deputy Rephann has failed to demonstrate that the district court abused its discretion in denying this motion.